# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                     Case No. 05-80198-WRS
                                                          Chapter 13
MAXFORD OLIVER,

      Debtor

## MEMORANDUM DECISION

### I. FACTS

This Chapter 13 case came before the Court for hearing on the Court's Order to Show Cause on April 13, 2005. (Doc. 16). This Chapter 13 case was filed in violation of an injunction entered when a prior case was dismissed. Both the Debtor and his lawyer were ordered to appear and show cause why sanctions should not be imposed for the violation of this Court's injunction. Maxford Oliver, the Debtor was in Court in person and his lawyer, Ruth Sullivan, was in Court by her associate Christopher P. Haugen.

This is the seventh bankruptcy case filed by the Debtor since 1996. All of these cases were filed under Chapter 13 of the Bankruptcy Code and all were dismissed for Oliver's failure to make the required payments. The first Chapter 13 case was filed on July 11, 1996, under Case No. 96-2973, which was dismissed on January 15, 1998. The second case was filed on December 10, 1998, under Case No. 98-6314, which was dismissed on October 5, 2000. The third case was filed on June 7, 2001, under Case No. 01-3536, which was dismissed on April 15, 2002. A fourth case was filed on July 23, 2002, under Case No. 02-80989, which was dismissed on September 29, 2003. A fifth case was filed on February 27, 2004, under Case No. 04-80291, which was dismissed on September 9, 2004.

A sixth case was filed on September 2, 2004, (seven days before the fifth case was dismissed) under Case No. 04-81379. When the sixth case came before the Court for confirmation of the Debtor's Plan, the Court was advised that the Debtor was in default on his Chapter 13 Plan payments. The Court took notice of the Debtor's previous filings and dismissed his case on January 14, 2005. (Doc. 14). The Court took a further step of enjoining the Debtor from filing any more cases under Title 11, for a period of 180 days.[1]

Notwithstanding the injunction, the Debtor filed a seventh case only three weeks after dismissal of the sixth case. In response to the Court's Order to Show Cause, Ruth Sullivan conceded that it was not their policy to check the Court's records. Rather, she relies solely upon the representations of the Debtor. When questioned about this, the Debtor professed not to understand that his prior case had been dismissed with an injunction.

A debtor is required to list all bankruptcy filings made within the last six years on page two of his petition in bankruptcy. The Debtor listed three prior cases, omitting Case No. 04-81379 which, ironically, was both the most recently-dismissed case and the case in which the injunction was filed. It certainly strains one's credibility that the Debtor could have remembered filing cases in 2001 and 2002, while forgetting about a case which had been dismissed only three weeks earlier.

The Court would further note that the Debtor's six prior cases were filed by five different lawyers. Interestingly, Case No. 01-3536 was filed by Sullivan, suggesting that the Debtor had made it around the horn, so to speak, of area lawyers coming back to Sullivan after trying others.

---

[1] It is this Court's practice, when it enters an injunction against filing further bankruptcy petitions to enjoin filings under all chapters of Title 11.

Multiple bankruptcy filings by a debtor using a number of different lawyers raises an inference that he may be playing one lawyer off of another. That is, if one lawyer tells a debtor he may not do something, such as file another case, he simply goes to another lawyer, seeking another answer, perhaps not fully informing her of the advice given by another lawyer or informing the latter lawyer of the facts upon which the earlier lawyer's advice was premised. The evidence suggests that this was the case here.

For many years, the Court has had bankruptcy case information available through PACER, and VCIS. Using either of these systems, one may obtain information about bankruptcy case filings. Since June 2002, this Court has been live on the CM/ECF (Case Management/Electronic Case Filing) system. Under CM/ECF, one may access the Court's records via the internet and obtain not only case filing information but a user may view images of documents filed in Court. Therefore, with virtually no out-of-pocket expense and only a few minutes of a staff person's time, Sullivan could have determined the existence of all of the Debtor's case filings and she could have obtained a copy of the Court's injunction.

## II. DISCUSSION

The Court will first discuss the culpability of the Debtor's lawyer and second, the Debtor. For the reasons set forth below, the Court finds that Sullivan has violated Rule 9011, Fed. R. Bankr. P., and imposes a monetary sanction in the amount of $500.00. Second, the Court will, by way of a separate Order, dismiss this case, with prejudice pursuant to 11 U.S.C. § 349(a) and enjoin the Debtor from filing any further cases for a period of two years.

3

## A. Debtor's Counsel

The conduct of a lawyer who files a petition in bankruptcy is governed by the provisions of Rule 9011, Fed. R. Bankr. P., which provides in part, that:

> (b) By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances–
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

The question presented here is whether Sullivan violated the provisions of Rule 9011, when she filed the Debtor's seventh bankruptcy petition, in violation of the injunction entered when the sixth case was dismissed. The Court accepts, at face value, her claim that Oliver concealed the fact that he filed Case No. 04-81379, and that the Court imposed an injunction against refiling for a period of 180 days, which explains why Oliver had to again change lawyers.

In a decision recently handed down by a Bankruptcy Court in Pennsylvania, a Bankruptcy Judge imposed a $1,000 monetary sanction against a lawyer who filed a bankruptcy petition in the face of an injunction. In re: Bailey, 321 B.R. 169 (Bankr. E.D. Pa. 2005). The reasoning of the Court in Bailey is equally applicable here.

> The problem of serial filing of Chapter 13 cases is epidemic in no small part because of lawyers who will take any case at the request of a debtor about to lose his or her house to a sheriff's sale. Cases

4

> are filed without any investigation of the bona fides of the bankruptcy reorganization. Admittedly clients appear on the doorstep at the 11th hour and the exigency of the circumstance often precludes more than a cursory review of the debtor's financial situation. However, as a result of the advent of electronic documents, a few clicks of the mouse enable an attorney to discovery that client's bankruptcy history. Given the requirement that the petition identify all cases filed within the last six years by location, case number and date filed, **I believe a PACER search should be done by every lawyer prior to filing a petition with this Court.**

Id. at 179. (Emphasis added).

A Bankruptcy Court in Mississippi imposed attorney's fees in the amount of $750 against a lawyer who, as here, filed a petition in violation of an injunction. In re: Weaver, 307 B.R. 834 (Bankr. S.D. Miss. 2002). The Court in Weaver found that counsel had failed to conduct a reasonable inquiry. The Courts in both Bailey and Weaver rejected a lawyer's contention that he was entitled to rely upon the uncorroborated word of his client. Given the ease with which a lawyer can search the Court's records and the "epidemic" of repeat bankruptcy filings, the failure to conduct a PACER search may subject a lawyer to sanctions.

This Court has published three decisions in recent years dealing with the problem of serial bankruptcy filings. Three years ago, the Court imposed a monetary sanction against a lawyer who made a serial bankruptcy filing and willfully failed to disclose the existence of the prior filing. In re: Dent, 275 B.R. 625 (Bankr. M.D. Ala. 2002). Two years ago, this Court dismissed a serial filer both "with prejudice" and with a five-year injunction against refiling, finding that the Court is not limited to a maximum period of 180 days. In re: Jones, 289 B.R. 436 (Bankr. M.D. Ala. 2003). Earlier this year, this Court dismissed another serial filer, with

prejudice and with a lengthy injunction against refiling. In re: Brown, 319 B.R. 691 (Bankr. M.D. Ala. 2005). Unfortunately, these are not isolated incidents but a common occurrence. A month does not go by without the Court confronting a serial filer who is abusing the protections of the Bankruptcy Code. Lawyers who file petitions in bankruptcy have a duty to conduct a reasonable investigation to make sure that petitions are filed in good faith and not for improper purposes. Repeated bankruptcy filings are a strong indicator of bad faith which should trigger a heightened scrutiny on the part of a lawyer. In re: Armwood, 175 B.R. 779, 789-90 (Bankr. N.D. Ga. 1994).[2] A lawyer who fails to consult the Court's electronic records has not conducted an adequate inquiry within the meaning of Rule 9011. While a lawyer is not a guarantor of her client's performance, she is not free to file one case after another in bad faith solely to frustrate creditors and make a mockery of the protections afforded under the Bankruptcy Code.

In this case, Sullivan is sanctioned for filing a petition in violation of an injunction. While the filing of a petition in bankruptcy, in violation of an injunction entered in a previous case, is sanctionable, it does not follow that absent an injunction, anything goes. It is well established that serial filing of bankruptcy petitions, in bad faith, may subject an attorney to the imposition of sanctions, even if the filing did not violate an injunction. In re: Deville, 280 B.R. 483 (9th Cir. BAP 2002)(lawyer sanctioned $23,597 for vexatious, bad faith, serial bankruptcy filings); In re: Grigsby, 233 B.R. 558 (Bankr. S.D. Fla. 1999)(lawyer sanctioned $1,575 for bad

---

[2] The Court in Armwood discussed another reason why a lawyer should investigate previous filings. 11 U.S.C. § 109(g) provides that a debtor may not file a petition in bankruptcy if a prior case was dismissed, for the reasons set forth in that subsection, within the preceding 180 days. By failing to investigate the Debtor's prior filings, Sullivan could not have known that Oliver was not disqualified under § 109(g). This provides further support for a rule which requires that lawyers carefully examine the circumstances of any previous recently dismissed bankruptcy case.

6

faith filing); In re: Ware, 200 B.R. 271 (Bankr. N.D. Ga. 1996); In re: Eastman, 182 B.R. 386 (Bankr. S.D.N.Y. 1995)(lawyer sanctioned pursuant to 11 U.S.C. § 105(a) and 28 U.S.C. § 1927 for repeated, bad faith filings); In re: Douglas, 141 B.R. 252 (Bankr. N.D. Ga. 1992)(lawyer sanctioned $1,630.25 for serial bad faith filing); In re: McKissie, 103 B.R. 189 (Bankr. N.D. Ill. 1989)(Debtor's lawyer held liable for attorney's fees and costs); In re: Bono, 70 B.R. 339 (Bankr. E.D.N.Y. 1987).

The Court is aware that lawyers compete vigorously for consumer bankruptcy cases. One need only peruse the Yellow Pages, classified ads in newspapers or watch late night television to confirm that this is so. Moreover, this Court has experienced what Judge Sigmund has described as an "epidemic" of serial Chapter 13 filings. In re: Bailey, 321 B.R. 169, 179. Lawyers should not be permitted to gain a competitive advantage in the marketplace by lowering their ethical standards. This Court has observed time and again this process of lawyer shopping coupled with serial filing. The lawyer should be something more than a mere scrivener for her client. A lawyer may not take his client's word concerning previous bankruptcy filings when it is so easy to check the Court's records. If, as here, a client has filed six previous Chapter 13 cases all of which failed, one should reasonably ask, why a seventh case will succeed. In Oliver's three preceding Chapter 13 cases, which were dismissed within a 16-month period prior to the filing of the seventh case, his financial situation was virtually unchanged. Which is to say that not only was this case filed in bad faith, even absent the violation of the Court's injunction, but that the last two filings were probably filed in bad faith as well. All of this is to say that a lawyer may not file a Chapter 13 petition unless there is a reasonable likelihood that the case will succeed.

Having determined that Sullivan should be sanctioned, the Court will next determine the nature of the sanction to be imposed. A sanction may be imposed for the purpose of deterrence, compensation and punishment. Aetna Insurance Company v. Meeker, 953 F.2d 1328, 1334 (11th Cir. 1992). In this case, the Court is of the view that the most important interest is in deterring future violations of injunctions by Sullivan as well as others. The lowest grade sanction, which is most often imposed, is an admonishment. The Court has admonished Sullivan, and her associates repeatedly in the past for a variety of practice issues, with little appreciable effect. The Court is of the view that a monetary sanction is necessary here to achieve the Court's purpose of deterring lawyers from filing petitions in bankruptcy in violation of an injunction. The Court's standard Chapter 13 attorney's fee is $1,600. The Court is of the view that a sanction in the amount of $500 is appropriate here.

### B. The Debtor

The Court will next consider whether sanctions should be imposed against the Debtor. The Debtor's sole reported source of income is Social Security in the amount of $684.00 per month and he has represented that he is disabled. At the April 13, 2005 hearing, Oliver stated that he filed this bankruptcy case to stop the United States Department of Agriculture, Rural Housing Service, from foreclosing its mortgage on his residence. While the Debtor did not appear to be either well educated or sophisticated in business affairs, he did appear to be both lucid and rational. The Debtor understood that he had filed previous bankruptcy cases which had been dismissed and the Court infers from the evidence that Oliver intentionally concealed the most recent filing and the Court's injunction from Sullivan.

8

When the Court is confronted with an abusive bankruptcy filing, it usually imposes an injunction against refiling. The standard period is 180 days, making reference to 11 U.S.C. § 109(g). However, this Court has held that injunctions for longer than 180 days may be imposed in appropriate circumstances. In re: Jones, 289 B.R. 436 (Bankr. M.D. Ala. 2003). Injunctions against refiling are, in this Court's experience, the most commonly used sanction against abusive bankruptcy filings. Where, as here, a Debtor willfully violates an injunction, and where, as here, his lawyer does not conduct an adequate investigation into the facts and circumstances of previous bankruptcy filings, the Court's ability to protect the integrity of its process is undermined. Given the Debtor's history of abusive bankruptcy filing and the manipulation of his lawyer, the Court is of the view that an injunction against refiling for a period of two years is appropriate.

The legal effect of a dismissal of a bankruptcy petition is provided in 11 U.S.C. § 349(a), which provides as follows:

> Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

Another sanction, less frequently invoked in this Court's experience, is a dismissal which bars the discharge of debts in existence as of the date of the petition, in any future bankruptcy filing. In re: Tomlin, 105 F.3d 933, 937 (4th Cir. 1997)(bankruptcy courts may bar future discharge but

9

rarely do so); see also, In re: Leavitt, 209 B.R. 935 (9th Cir. BAP 1997). While the Court has considered barring future discharges, it will decline to do so here.

### III.  CONCLUSION

The Court finds that a lawyer who files a petition in bankruptcy, in violation of an injunction against refiling, violates Rule 9011 if she does not make a PACER search of the Court's records, notwithstanding the fact that the Debtor has misrepresented facts concerning prior bankruptcy filings.  As PACER searches are simple, inexpensive and take only a minimal amount of time, the failure to conduct such a search is not reasonable under almost any circumstances.  In addition, the Court finds sufficient cause to impose a two-year injunction against refiling against a Debtor who concealed the existence of an injunction from his lawyer, causing the filing of yet another bankruptcy petition in bad faith.

Done this 2nd day of May, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Debtor
   Christopher P. Haugen, Attorney for Debtor
   Curtis C. Reding, Trustee
   All Creditors